# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 2883 | DATE | 3/30/2004 |
| CASE TITLE | Gonzalez vs. Codilis & Associates, P.C. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss [22-1]; Plaintiffs' Motion to Strike Factual Arguments Made by Codilis in its Reply Brief [18-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum opinion and order, Defendants' motion to dismiss [22-1] is DENIED. Plaintiffs motion to strike factual arguments made by Codilis in its reply brief [18-1] is GRANTED; the Court did not address factual disputes when addressing Defendant's motion to dismiss (specifically, Defendant's contention that the requested attorneys' fees were "reasonable"). Status on Plaintiffs' motions for class certification [7-1] and [23-1] is set for Tuesday, April 13, 2004 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 3 1 2004 | 38 |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| slf (lc) | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

ARTURO GONZALEZ and ANA MARIA )
GONZALEZ )
)
      Plaintiffs, )
) No. 03 C 2883
    v. )
) HONORABLE DAVID H. COAR
CODILIS & ASSOCIATES, P.C. )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

Before this Court is Codilis & Associates, P.C. ("Codilis" or "Defendant") motion to dismiss Arturo Gonzalez and Ana Maria Gonzalez's ("Gonzalezes" or "Plaintiffs") Amended Complaint. For the reasons set forth below, Defendant's motion to dismiss is denied.

## I. FACTUAL BACKGROUND

Codilis is a law firm that regularly collects and attempts to collect delinquent residential mortgage debts. (Pl. Comp. ¶¶ 5,6). On or about November 26, 2002, Codilis filed a mortgage foreclosure action against the Plaintiffs based on the mortgage secured by their residence at 1713 N. 43d Avenue, Stone Park, Illinois. (Pl. Comp. ¶ 7). The complaint requested, among other things, a judicial award of attorney's fees. Id. Plaintiffs sold their property prior to the completion of foreclosure. (Pl. Comp. ¶ 8). On or about January 2, 2003, Defendant, acting on behalf of GE Mortgage Services, LLC, sent Plaintiffs documents giving a payoff quote and a reinstatement amount for the mortgage loan. (Pl. Comp. ¶ 9; see also Pl. Comp., Exs. A and B).

The total required to reinstate the loan was $111,022.21, which included attorneys' fees and costs of $1,852. (Pl. Comp. ¶ 11). Plaintiffs were required to pay the sum to avoid foreclosure and the loss of their property. (Pl. Comp. ¶ 13). The Gonzalezes allege that Codilis violated the Fair Debt Collection Practices Act ("FDCPA"), including 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1) and 1692g, by dunning for attorney's fees and court costs which have been requested but not awarded in pending litigation. (Pl. Comp. ¶ 17).

## II. STANDARD FOR MOTION TO DISMISS

A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court "must accept all well pleaded facts as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." Gomez v. Illinois State Board of Education, 811 F.2d 1030, 1039 (7th Cir. 1987). Further, all documents and exhibits attached to the Complaint become part of the pleadings for all purposes. See Fed. R. Civ. P. 10(c). Codilis has attached Plaintiffs' mortgage contract to its motion to dismiss. The Court will consider this to be part of the pleadings, as it is referred to in the Plaintiffs' Complaint and is central to their claim. Wright v. Associated Ins. Cos., 29 F.3d 1244, 1248 (7th Cir. 1994). [1]

---

[1] Additionally, Plaintiffs have filed a motion to strike factual arguments made in Defendants' Reply Brief. Plaintiffs' motion is granted to the extent that the court will only address issues of law, and will not resolve any factual disputes when ruling on Defendant's motion to dismiss (specifically, Defendant's contention that the fees assessed to the Plaintiff were "reasonable").

## III. ANALYSIS

The legal question before the Court is whether it is a violation of the FDCPA for a debt collector to dun for attorney's fees and costs prior to court approval of those fees and costs. Plaintiffs contend that based upon the Seventh Circuit's ruling in Veach v. Sheeks, 316 F.3d 690 (7th Cir. 2003), and subsequent district court rulings in Shula v. Lawent, 01 C 4883, 2002 WL 31870157 (N.D. Ill. Dec. 23, 2002) and Bernstein v. Howe, IP 02-192-C-K/H, 2003 WL 1702254 (S.D. Ind. Mar 31, 2003), it is a violation of the FDCPA for a debt collector to dun for attorney's fees prior to a court's approval of those fees. Defendant contends that because the Parties' mortgage contract allows for the collection of foreclosure costs and reasonable and customary attorneys' fees and costs, court approval is not a condition precedent.

### A. Does the FDCPA Mandate Court Approval of All Attorney's Fees and Costs?

The section of the FDCPA relevant to the Parties is § 1692f(1), which provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Therefore, the Court must determine whether Plaintiffs' note and mortgage expressly authorize the Defendant to recover attorneys' fees and costs without prior court approval.

Plaintiffs' Mortgage, in relevant part, states:

> 10. Reinstatement. Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. The right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security instrument, foreclosure costs and reasonable and customary attorney's fees and expenses properly associated with the foreclosure proceeding. (See Def. Ex. A).
>
> 17. Foreclosure Procedure: Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees and costs of title evidence. (See Def. Ex. A).

Further, Plaintiffs' Note provides:
> 6. Borrower's Failure to Pay
> (C) Payment of Costs and Expenses
>> If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorney's fees for enforcing this Note. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note. (See Def. Ex. B).

The Gonzalezes contend that the Seventh Circuit's ruling in Veach v. Sheeks, 316 F.3d 690 (7th Cir. 2003), holds that it is always improper for a debt collector to dun for attorney's fees prior to a court order. In Veach, Gary Veach, the debtor, alleged that Sheeks sent bill collection letters that included court costs and attorney's fees, and misstated the amount of the debt Veach owed, thereby violating the FDCPA and Indiana's deception statute, ind. Code 35-45-5-39(a). Id. at 691. Though the court held that Veach could not be liable for attorney's fees and costs until a court judgment awarded those fees, that holding was predicated on Indiana statutory provisions.

Id. at 693. Veach does not address whether, based on a reconciliation of Illinois law and the FDCPA, a party can be assessed for attorney's fees and costs when they are authorized by the party's contract. Similarly, Bernstein v. Howe, IP 02-192-C-K/H, 2003 WL 1702554 (S.D. Ind. Mar.31, 2003) does not address how the FDCPA is to be reconciled with Illinois law. Additionally, Bernstein deals with a letter that discusses attorney's fees that may be incurred in the future. Id. at * 5. Neither Gonzalez nor Codilis disputes that actual attorney's fees were incurred in the present dispute. Therefore, both cases are distinguishable.

Further, the case Shula v. Lawent, 01 C 4883, 2002 WL 31870157 ( N.D. Ill. Dec. 23, 2002), is distinguishable from the present dispute between the parties. In Shula, the plaintiff received a letter from the defendant, a debt collector, demanding the payment of court costs related to the collection of a debt for medical treatment. Id. at *2. In addressing whether the defendants violated § 1692f(1) of the FDCPA, the court held, "because no agreement existed authorizing the imposition of court costs, Defendants violated § 1692f(1) of the FDCPA when they sent Mr. Shula the court costs letter." Id. at *10. In contrast, the agreement the Gonzalezes entered into allowed the lender to impose attorneys' fees and costs in foreclosure proceedings. There is no precedent for Plaintiffs' assertion that in Illinois, a debt collector violates the FDCPA when it requests attorneys' fees and costs prior to a court order. Consequently, the Defendant did not commit a per se violation of the FDCPA simply because it dunned for attorneys' fees and costs prior to court approval of those costs.[2]

---

[2] See Porter v. Fairbanks Capital Corp., No. 01 C 9106, 2003 WL 21210115 at *7 (N.D. Ill. May 21, 2003) (holding when the plaintiff's note and mortgage "expressly authorize" reasonable attorney's fees, plaintiff cannot assert an FDCPA claim for attorney's fees and restitution). See also Whaley v. Shapiro & Kreisman, LLC, 2003 WL 22232911 at *1 (N.D. Ill. Sept. 15, 2003) (holding same).

Although it is not an automatic violation of the FDCPA to dun for attorney's fees and costs prior to a court judgment, the Plaintiffs state a claim upon which relief can be granted, as there is a question as to whether the fees assessed by the Defendant were "reasonable" as required by the mortgage agreement. The party seeking attorney's fees bears the burden of proving their reasonableness. Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 550 (7th Cir. 1999) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Reasonableness can only be determined by examining the particular facts and circumstances surrounding Plaintiffs' foreclosure action, and that determination cannot be made at this stage of the Parties' proceedings. Therefore, Plaintiffs' claim that the Defendant assessed unreasonable attorney's fees states a claim upon which relief can be granted.

### *B. Does the Voluntary Payment Doctrine Preclude Plaintiffs' Claim?*

The Defendant contends that because the Plaintiffs voluntarily paid attorneys' fees to the Defendant, and did not contest those fees until this suit, Plaintiffs are barred from doing so under the Voluntary Payment Doctrine. The Plaintiffs contend that the Voluntary Payment Doctrine is preempted by the FDCPA, and therefore, is not relevant in this case.

Section 1692n of the FDCPA provides:

> This subchapter does not annul, alter, or effect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of inconsistency. For purpose of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

Therefore, because the Voluntary Payment Doctrine provides less protection to consumers than the FDCPA, it is preempted.

Additionally, under the Voluntary Payment Doctrine, "[a]bsent fraud, coercion or mistake of fact, monies paid under a claim of right to payment but under a mistake of law are not recoverable." Randazzo v. United States, 262 F.3d 663, 668 (7th Cir. 2001) citing Smith v. Prime Cable of Chicago, 658 N.E.2d 1325,1330 (Ill. App. 1995). Duress can exist where, "plaintiffs were confronted with the choice of payment or 'refusal to effect the requested sale, execution, or redemption.' " Ball v. Village of Streemwood, 665 N.E.2d 311, 318 (quoting Terra-Nova Investments v. Rosewell, 601 N.E. 2d 1109, 1114 (Ill. App. 1992)). Construing the facts in the light most favorable to the Plaintiffs, it is reasonable to assume that the Gonzalezes believed that if they did not pay the attorneys' fees and costs, they would lose their property. (See Pl. Comp. ¶ 13). Therefore, even assuming, *arguendo*, that the Voluntary Payment Doctrine is not preempted by the FDCPA, the Voluntary Payment Doctrine is inapplicable to Plaintiffs' claim.

## IV. CONCLUSION

For the foregoing reasons, because there must be an assessment as to whether the attorneys' fees and costs assessed to the Plaintiff were reasonable, Defendant's motion to dismiss is DENIED.

Enter:

David H. Coar
United States District Judge

Dated: **March 30, 2004**